CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REV. PIERRE A. RENOIR,<br>    Plaintiff, | )<br>)   Civil Action No. 7:07cv00166<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| LT. BROWN, et al.,<br>    Defendants. | )   By: James C. Turk<br>)   Senior United States District Judge |

    Reverend Pierre A. Renoir, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against various Virginia Department of Corrections employees at Wallens Ridge State Prison ("WRSP") and other "unknown" members of the Virginia Department of Corrections ("VDOC") staff. Renoir's complaint alleges that the defendants violated his federal constitutional rights by threatening to "make him dead," by seizing and keeping legal materials he needed to prosecute an appeal, by telling other inmates to "feel free to attack," by placing him in isolation without charge in retaliation for a prior lawsuit he filed, and by denying him a new razor and free shampoo. Because Renoir has previously filed three civil actions that the federal courts dismissed for failure to state a claim upon which relief may be granted, Renoir cannot proceed without prepaying the full filing fee unless he first demonstrates that he "is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). Renoir has not shown that he is in danger of serious physical harm. Accordingly, for the reasons stated, the court dismisses his suit without prejudice.

    As stated, Renoir has "three strikes" under § 1915(g) and has not prepaid the filing fee.

---

[1] See Renoir v. Miller, Civil Action No. 7:99CV00330 (W.D. Va. Dec. 21, 1999); Renoir v. Angelone, Civil Action No. 7:99CV00211 (W.D. Va. Oct. 29, 1999); Renoir v. McMillan, Civil Action No. 7:99CV00356 (W.D. Va. June 28, 1999).

Therefore, the only question before the court is whether he has demonstrated that he was in imminent danger of serious physical injury either when he filed his complaint or at some time thereafter. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (4th Cir. 2001). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Renoir's allegations do not meet the § 1915(g) standard. His complaints about retaliatory isolation without due process, delayed delivery of legal materials, and denial of sharp razors do not involve any past, present, or future serious physical injury. Renoir alleges that lack of shampoo for two weeks has resulted in rashes, pealed skin, itching, bleeding and permanent scarring; yet, he fails to allege that he has sought medical attention for any of these conditions. Moreover, the inmate request forms he submits indicate that he will likely receive hygiene materials soon. Until he has pursued other avenues to solve his hygiene problems, such as medical treatment if warranted, the court cannot find imminent danger of serious physical harm here.

Renoir asserts that the alleged threats from guards show imminent danger of physical harm because he was gang raped in December 2006 and January 2007, as he alleged in a prior lawsuit, Civil Action No. 7:07-cv-00005. The court conducted a hearing in that prior case, determined that Renoir's claims of gang rape were simply not credible, revoked his in forma pauperis status under § 1915(g), and dismissed the case, which is currently on appeal. As Renoir has not demonstrated that he is under imminent danger of serious physical injury for any of the alleged reasons, the court will deny Renoir's application to proceed in forma pauperis and dismiss

the complaint without prejudice, pursuant to 28 U.S.C. § 1915(g).[2] Furthermore, as the case must be dismissed, the court finds no merit to Renoir's motion for emergency transfer[3] and motion for appointment of counsel and denies these motions. An appropriate order shall be issued this day.

The clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 5th day of April, 2007.

/s/ James C. Turk
Senior United States District Judge

---

[2]As all of the alleged violations in this complaint occurred in late March 2007, it is also clear that Renoir had not exhausted his administrative remedies as to any of his claims before filing this lawsuit, as required under 42 U.S.C. § 1997e(a). He is hereby advised that he may not use litigation as a substitute for pursuing administrative remedies and following prison procedures.

[3]Moreover, the motion for emergency transfer has no justification in fact, as it is based on allegations that the court found not credible in Civil Action No. 7:07-cv-00005.